PATTON CHAPMAN v. THE STATE.

No. 19752.   Delivered May 25, 1938.

The opinion states the case.

*John K. Russell* and *A. C. Chrisman,* both of Cleburne, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is burglary; penalty assessed at confinement in the penitentiary for two years.

A sandwich shop conducted by Emmett L. Shipman in Alvarado, Texas, was burglarized on Sunday night, August 29, 1937. A radio, an electric fan and some cigarettes were taken from the burglarized premises. The radio and the electric fan were later recovered by the officers in the city of Fort Worth. Entrance was made through a transom window on the north wall of the building. The appellant was well known to Shipman as was also Roland Matthews. They were both in Shipman's place of business on Saturday night, but on Sunday night the appellant was there alone. He remained in the building for about two hours, leaving there about eleven o'clock at night. When Davis Sharp, an employee at the sandwich shop, closed the building about two o'clock Sunday morning, he noticed the appellant and Matthews sitting in an automobile which was parked across the street by Parks' hardware store. However, the witness did not see either of them when he closed the building on Sunday night. Upon discovering the burglary on Monday morning, Shipman turned his place of business over to Sharp and left for Fort Worth. Upon his arrival there, he saw the appellant and Matthews at Ware's sandwich shop, and also had a conversation with the appellant at a filling station across the street from the sandwich shop mentioned. Some two days after his visit in Fort Worth, Shipman recovered his radio and electric fan from the officers.

Roland Matthews testified that he had been to see his girl on Sunday night, August 29, 1937, and on his way home about twelve o'clock he stopped at Jackson's filling station to buy a sack of tobacco. While there he met the appellant who said he wanted to go to Fort Worth. They drove their car to Wallace's filling station, about 50 or 100 yards from Shipman's sandwich shop, where Matthews remained while the appellant went to his wife's house for the purpose of getting some clothes. Appellant returned in about an hour and put something in the back of the car. They then started out for Fort Worth. Upon reaching a point about five miles on the other side of Burleson, they stopped and slept until sunrise, at which time they went on to

Fort Worth. After their arrival at Fort Worth, appellant told Matthews that he had a radio and an electric fan that he wanted to sell. Matthews asked him where he got them and appellant replied, "Never mind about that." Matthews said he thought that appellant had gotten the "stuff" from his wife. They went to a pawn shop conducted by Wolf & Klar, where Matthews sold the radio for $2.00 under the name of W. H. White. They then went to a beer tavern conducted by A. B. Bryson, on Calhoun Street, where they sold the electric fan for $1.00. Matthews testified that he and appellant had never planned to burglarize Shipman's sandwich shop, and that he was not present when the appellant burglarized it. Matthews admitted on cross-examination that he was convicted in a liquor case and was given a suspended sentence.

Bryson, who operated a beer tavern in Fort Worth, testified that he bought an electric fan from the appellant on Monday morning, August 30, 1937, for which he paid him $1.00; that later the officers came and got the fan.

Nolan, who conducted a furniture store in Fort Worth, testified that appellant came into his place of business on August 30, 1937, and offered to sell an electric fan for $5.00, but the witness said he was not interested in purchasing the fan. Similar testimony was given by the witness Bradshaw, who was engaged in the new and second-hand business in Fort Worth.

Paul Kilgore testified that he worked at the Jackson Cafe at Alvarado; that on Sunday night, about 11:30 o'clock, the appellant came into the cafe; that Matthews came in some thirty minutes later. The two men walked out together but the witness did not know where they were going.

Perkins, a filling station operator in Fort Worth, testified that appellant came to the station about 6:30 o'clock on Monday morning, August 30th, and purchased a gallon of gasoline; that he came back about 9:30 or 10:00 o'clock, at which time Emmett Shipman was at the filling station.

Appellant testified that he left Shipman's sandwich shop about 10:30 or 11:00 o'clock on the night of August 29, 1937, and went to Jackson's filling station for the purpose of catching a ride either to Fort Worth or to the home of his father who lived about six miles south of Alvarado. While sitting in Jackson's lunch room, Matthews came in and the two drank coffee and engaged in a conversation about going to Fort Worth in Matthews' car. After agreeing to go, they went to the home of the appellant's wife for the purpose of getting some clothes,

and then went on towards Fort Worth. They drove as far as Burleson, where they stopped and slept until sunrise, when they continued their journey. Upon their arrival at Fort Worth, they bought some gasoline at Perkins' filling station and then went up town to the pawn shop of Wolf & Klar. Appellant testified that he knew nothing about the radio and the electric fan before leaving Alvarado; that he did not see when Matthews sold the radio to Wolf & Klar. He denied selling the electric fan to the witness Bryson in Fort Worth. He also denied getting any money out of the sale of the radio and the electric fan. Appellant admitted on cross-examination that he was under a suspended sentence for the offense of forgery for which he was convicted in June, 1937.

The court adequately instructed the jury upon the law of circumstantial evidence and also charged that Roland Matthews was an accomplice whose testimony required corroboration. No objections were filed against the charge of the court and no complaints of the procedure have been presented by bills of exception.

Deeming the evidence sufficient to support the conviction, the judgment is affirmed.